11-1503 — *Cassella v. Mylan Pharmaceuticals, Inc.*

**FILED**

November 18, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

Justice Ketchum, dissenting:

The initial award denied the claimant her requested medical treatment. The denial was issued on June 25, 2010. Thereafter, a statute became effective on July 12, 2013, which allows claimants to recover attorney fees and costs if the claimant obtains a reversal of the initial denial. On November 25, 2013, the West Virginia Supreme Court reversed the denial of medical treatment.

The claimant now seeks the recovery of attorney fees and costs based upon the statute that became effective after the claimant filed an application for benefits and after the initial order or award denied medical treatment. It is clear that the law in effect at the time of the initial order or award controls. It controls whether the award was favorable or unfavorable to the claimant. *Wampler Foods, Inc. v. Workers Compensation Division*, 216 W.Va. 129, 602 S.E.2d 805 (2004). In *Wampler*, we held that a new statute begins to take effect after "any award on the litigated issue," not the final award. In *Hicks v. West Virginia Office of Ins. Com'n.,* 2012 WL 2988816 (2012), we stated that *Wampler Foods* "makes clear that the law in effect at the time that the first order was entered on the issue in litigation controls".

The majority opinion misconstrues *Wampler* and fails to include the words "any" or "first" when discussing the word "award." The law in effect when the first award denied medical treatment did not provide for the recovery of attorney fees and costs. Therefore, I dissent.